1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE WEGERS, et al.,

Defendants.

CASE NO. CR05-0231C

ORDER

13     This matter comes before the Court on Defendant William Blaine Beach, Jr.'s motion to either

14   interview witnesses before trial or exclude trial testimony by witnesses who refuse to be interviewed.

15   (Dkt. No. 484.)  Co-defendants Frank Offley, Hugh Gale Henschel, Aaron Wise, and Dale Robert

16   Granmo join in the motion.  (Dkt. Nos. 513, 518, 524, 530.)  Having considered the papers submitted by

17   the parties in light of the circumstances in this case, and having found oral argument unnecessary, the

18   Court DENIES the motion for the following reasons.

19     Defendants seek an order compelling certain private and law-enforcement witnesses to submit to

20   pretrial interviews with defense counsel, in particular several witnesses in Montana associated with the

21   conspiracy and kidnapping charges in Counts 4 and 5.  (*See* Def.'s Mot. 4.)  According to Defendant

22   Beach, "every prosecution witness has refused to participate in a pretrial interview with defense counsel."

23   (*Id.* 16.)

24     Although Defendants assert that several witnesses have communicated their refusals to be

25   interviewed through the U.S. Attorney's Office, Defendants have not alleged that the government played

26   ORDER – 1

1  any role in coercing or even recommending to any witness that he or she refuse to be interviewed.

2  Instead, Defendants argue that they will be deprived of their Fifth and Sixth Amendment rights to due

3  process and effective assistance of counsel unless the Court exercises its inherent authority to compel

4  witness interviews.  (*See id.* 2–3; Offley Joinder 2.)  In essence, Defendants request that the Court apply

5  the rule of the Washington courts that a defendant's "right to compulsory process includes the right to

6  interview a witness in advance of trial."  *State v. Wilson*, 65 P.3d 657, 662 (Wash. 2003).

7       As Defendants concede, however, there is no such entitlement in the federal courts.  (*See* Def.'s

8  Mot. 16; Offley Joinder 2.)  In fact, it has long been the rule in the Ninth Circuit that a defendant's right

9  to interview a witness before trial "exists co-equally with the witnesses' right to refuse to say anything."

10  *United States v. Black*, 767 F.2d 1334, 1338 (9th Cir. 1985) (internal quotes omitted).  There is,

11  therefore, no constitutional violation "when a witness chooses voluntarily not to be interviewed" before

12  trial.  *Id.*  And because there is no allegation here that the government improperly dissuaded witnesses

13  from cooperating with defense counsel, there is no wrongful conduct to be remedied by an exercise of the

14  Court's inherent powers.  *See id.* (noting that government "merely informing the witness that he may

15  decline the interview is not improper").

16       The Court is cognizant of the challenges faced by defense counsel in a criminal case of this

17  magnitude, but the rule in this circuit is quite clear that, absent government interference, witnesses may

18  decline to be interviewed before trial.  Accordingly, Defendants' motion to compel witnesses to submit to

19  pretrial interviews is DENIED.

20       SO ORDERED this 17th day of November, 2005.

21

22

23                              UNITED STATES DISTRICT JUDGE

24

25

26  ORDER – 2